# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF ILLINOIS – PEORIA DIVISION

**Jacob William Partee**
*Plaintiff,*

Vs.

**Elon Musk**, in his individual and official capacities,
**Department of Government Efficiency (DOGE)**, a federal initiative, and

**Trump Administration**, in its official capacity,
*Defendants.*

FILED
APR - 2 2025
CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Case No.: 25-cv-1127

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

### I. PRELIMINARY STATEMENT

1. This action arises from the Defendants' improper, unauthorized, and unlawful access to Plaintiff's highly sensitive personal information—including Social Security number, date of birth, and home address—without Plaintiff's consent and outside the scope of lawful authority.

2. In 2025, multiple federal courts—including the Southern District of New York and the District of Maryland—issued binding and persuasive rulings **blocking Defendant Elon Musk, the Department of Government Efficiency (DOGE), and their affiliates** from accessing federal databases containing private information of U.S. citizens.

3. The access and attempted access to these records was enabled, approved, and directed under the authority of the **Trump Administration**, which delegated control to DOGE and Elon Musk, without implementing proper legal oversight, data safeguards, or privacy compliance measures.

4. Plaintiff believes that his personal data was among the categories of information exposed or at risk due to these actions, and that Defendants' collective conduct caused real and ongoing injury, including emotional distress, invasion of privacy, and fear of future identity theft or misuse.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question), 5 U.S.C. § 552a (Privacy Act), and 28 U.S.C. § 1343 (civil rights). Jurisdiction also exists under 28 U.S.C. § 1332 (diversity jurisdiction).

6. Venue is proper under 28 U.S.C. § 1391(b) because Plaintiff resides in this judicial district and the harm occurred here.

## III. PARTIES

7. **Plaintiff**, Jacob William Partee, is a resident of Washington, Illinois.

8. **Defendant Elon Musk** is a private citizen and public figure who directed or participated in DOGE's operations and oversaw efforts to access government systems containing private personal data.

9. **Defendant Department of Government Efficiency (DOGE)** is a federal program or initiative authorized under the Trump Administration and tasked with reviewing or "modernizing" government systems. DOGE operated without transparency, accountability, or legal compliance regarding data access.

10. **The Defendant "Trump Administration"**, through its executive departments and agencies, **approved or enabled unauthorized data-sharing with DOGE and Elon Musk**, bypassing legal safeguards, the Privacy Act, and public consent. Its role in delegating sensitive data access to unvetted, non-government individuals or entities forms a central part of the violations alleged.

## IV. FACTUAL ALLEGATIONS

11. Between 2024 and 2025, Defendants engaged in a coordinated effort to access sensitive data held by federal agencies. These efforts included bypassing internal data privacy controls and authorizing DOGE operatives to access records such as Social Security numbers, dates of birth, and addresses.

12. Federal courts intervened in multiple cases due to the lack of legal justification, including:

- **S.D.N.Y. (Feb. 2025)** – Injunction blocking Treasury access

- **D. Md. (Mar. 2025)** – Injunction blocking access to SSA, OPM, Education

- **SSA Ruling (Mar. 2025)** – Ordered destruction of previously accessed personal data

13. Public officials confirmed that these actions were initiated under the **Trump Administration**, which **placed Elon Musk and DOGE in roles involving access to and control over private data systems**.

14. Musk and DOGE have publicly expressed disregard for court orders, stating that **"judges will not stop them,"** reinforcing Plaintiff's fear that these violations will continue regardless of legality.

15. Plaintiff has never consented to the disclosure, review, or retention of his personal records by any Defendant.

16. Plaintiff has suffered emotional distress, fear of identity theft, and a serious loss of trust in federal data protections.

## V. CLAIMS FOR RELIEF

### Count I – Violation of Privacy Act of 1974 (5 U.S.C. § 552a)

Against All Defendants

17. Defendants accessed or authorized access to Plaintiff's personal records without written consent and outside permissible statutory exceptions.

18. These disclosures and authorizations occurred without a proper "need to know," as required by the Act, and violate federal privacy protections as affirmed by three federal court orders.

19. Plaintiff is entitled to actual damages, injunctive relief, and all legal remedies under the Act.

## Count II – Invasion of Privacy (Intrusion Upon Seclusion)

Against All Defendants

20. Defendants intruded into Plaintiff's private affairs by accessing or exposing Plaintiff's personal records without legal justification.

21. These acts would be highly offensive to a reasonable person and directly caused Plaintiff significant distress.

## Count III – Negligence

Against Trump Administration and DOGE

22. The Trump Administration and DOGE owed Plaintiff a duty of care to implement privacy safeguards and restrict unauthorized access.

23. By empowering non-government personnel to access federal databases without clear oversight or legal controls, these Defendants breached their duty.

24. Plaintiff suffered foreseeable harm as a result of this breach.

## VI. DAMAGES

25. Plaintiff seeks:

- Compensatory damages in the amount of $75,000

- Punitive damages where appropriate

- Injunctive relief barring future access to Plaintiff's data

- An order mandating destruction of improperly obtained records

- Reasonable costs and other equitable relief

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court:

a. Enter judgment in favor of Plaintiff on all claims
b. Award compensatory and punitive damages
c. Grant permanent injunctive relief
d. Order the deletion of all unlawfully accessed data
e. Provide any additional relief deemed just and proper

**Respectfully submitted,**

*/s/ Jacob William Partee*

JACOB WILLIAM PARTEE
PO BOX 5065
PEORIA, IL, 61601
(309) 210 8835
LEGAL@JAKEPARTEE.COM
**Pro Se Plaintiff**